IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD VINCENT ROOD,

    Petitioner,               No. 2:12-cv-1476 GGH P

    vs.

GARY SWARTHOUT,

    Respondent.          ORDER

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

        Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

        The petition contains one claim that appears fully exhausted, however petitioner also filed a motion to appoint counsel. Petitioner requests the appointment of counsel to look into new evidence that has been recently discovered so petitioner may bring additional claims. However, petitioner has not provided sufficient information to warrant the appointment of

\\\\\

1

counsel.[1] There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time.

Petitioner may choose to exhaust the new claims himself in state court and then amend the instant federal petition or proceed with the sole claim in the instant petition. In Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528 (2005) the United States Supreme Court found that a stay and abeyance of a mixed federal petition should be available only in the limited circumstance that good cause is shown for a failure to have first exhausted the claims in state court, that the claim or claims at issue potentially have merit and that there has been no indication that petitioner has been intentionally dilatory in pursuing the litigation. Rhines, supra, at 277-78, 125 S.Ct at 1535.

If petitioner wishes to stay this action, he shall file a motion addressing the Rhines factors. In the alternative, petitioner may proceed with a stay request as outlined in King v. Ryan, 564 F.3d 1133 (9th Cir. 2009) citing Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003). In King, the Ninth Circuit held that in addition to the stay procedure authorized in Rhines, district courts also have discretion to permit petitioners to follow the three-step stay-and-abeyance procedure approved in Calderon v. U.S. Dist. Ct. (Taylor), 134 F.3d 981, 986 (9th Cir. 1998) and Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003). Pursuant to the King procedure, (1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and

---

[1] Petitioner states that the trial judge's husband was a detective in the police department that arrested petitioner.

re-attaches the newly-exhausted claims to the original petition. <u>Kelly</u>, 315 F.3d at 1070-71. The <u>King</u> stay-and-abeyance procedure has no requirement of a good cause showing or that the claims are potentially meritorious. However, no statute of limitations protection is imparted by such a stay, nor are exhausted claim adjudicated during the pendency of such a stay.[2]

        Within 21 days petitioner shall file a motion to stay the case or indicate he wishes to proceed solely on the claim in the instant petition. If petitioner does not respond this case will continue on the instant petition.

        In accordance with the above, IT IS HEREBY ORDERED that:

1. Within 21 days petitioner shall file a motion to stay the case or indicate he wishes to proceed solely on the claim in the instant petition. If petitioner does not respond this case will continue on the instant petition.

2. Petitioner's May 31, 2012 motion for appointment of counsel (Docket No. 2) is denied without prejudice to a renewal of the motion at a later stage of the proceedings.

3. Petitioner's motion to proceed in forma pauperis is granted;

DATED: July 3, 2012

                /s/ Gregory G. Hollows
        UNITED STATES MAGISTRATE JUDGE

GGH:mp
rood1476.ord

---

[2] Petitioner is cautioned that the habeas corpus statute imposes a one-year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).