IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD VINCENT ROOD,

    Petitioner,                    No. 2:12-cv-1476 AC P

    vs.

GARY SWARTHOUT,

    Respondent.                ORDER

_____/

        Petitioner proceeds pro se and in forma pauperis on a petition filed pursuant to 28 U.S.C. § 2254.  He has filed a letter dated November 26, 2012 (Doc. No. 18) seeking information about the court's recent reassignment order, as well as an application for appointment of counsel (Doc. No. 19).

        *The November 28, 2012 Letter*

        On November 28, 2012, petitioner filed with the court a letter requesting further information about the court's November 19, 2012 order reassigning this action from Magistrate Judge Gregory G. Hollows to Magistrate Judge Allison Claire.  See Doc. No. 18.  Petitioner's letter reads that the court had denied his petition on October 18, 2012, and that he has done nothing further with the case since then.  Id.

1

A review of the docket for this action reflects that, on October 18, 2012, respondent filed his answer to the petition. See Doc. No. 15. The court's most recent order, filed September 26, 2012, denied petitioner's one-page motion seeking appointment of counsel and a stay of the petition. See Doc. No. 14. To the extent petitioner believes that the court's September 26, 2012 order was a denial of his petition, the court advises petitioner that it was not, and was instead a denial only of his then-pending request for a stay of the action. Id. The action proceeds on petitioner's original petition.

The court will accordingly direct that the Clerk re-serve a copy of the September 26, 2012 order on petitioner. Because petitioner may file a traverse in response to respondent's October 18, 2012 answer, the court will construe the November 28, 2012 letter as a motion for extension of time to file the traverse. So construed, the motion will be granted.

*Motion for Appointment of Counsel*

On December 5, 2012, petitioner moved for the appointment of counsel. Petitioner previously sought counsel in this action, which was denied by orders entered on July 5, 2012 and September 26, 2012. The gravamen of petitioner's request appears to be that he would like counsel appointed in order to investigate new claims, such as the ineffective assistance of his trial and appellate counsel, the marriage of the trial judge to a "major crimes investigator with the arresting agency," and the impact of petitioner's 2008 knee injury on his ability to commit this crime. However, petitioner fails to explain why these issues are new, and why he did not raise them with the state court. For example, he was presumably aware of his own knee injury during his 2009 trial, yet fails to explain why he did not raise in his state collateral proceedings either the fact of the injury, or his attorney's ineffectiveness in not raising it. Petitioner also fails to explain when he became aware of the relationship between the trial judge and an officer with the arresting agency – and, more importantly, whether the officer was in any way involved in petitioner's arrest.

////

1   There currently exists no absolute right to appointment of counsel in habeas
2   proceedings.  See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996).  However, 18 U.S.C.
3   § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice
4   so require."  See Rule 8(c), Fed. R. Governing § 2254 Cases.  In the present case, for the reasons
5   cited above, the court does not find that the interests of justice would be served by the
6   appointment of counsel at the present time.  Accordingly, the court will deny petitioner's motion
7   for appointment of counsel without prejudice to renewal at a later stage of the proceedings.

8   Good cause appearing, IT IS HEREBY ORDERED that:

9   1. The Clerk shall re-serve on petitioner a copy of the court's September 26,
10  2012 order denying petitioner's motion to stay (Doc. No. 14);

11  2. Petitioner's November 28, 2012 letter (Doc. No. 18) is construed as a motion
12  for extension of time to file the traverse, and, so construed, is granted;

13  3. Petitioner shall file and serve a traverse within 60 days of the filing date of this
14  order; and

15  4. Petitioner's December 5, 2012 motion to appoint counsel (Doc. No. 19) is
16  denied without prejudice to a renewal of the motion at a later stage of the proceedings.

17  DATED: December 20, 2012.

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

ac:rb/rood1476.110.111

3