UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD VINCENT ROOD, | No. 2:12-cv-1476 AC P |
| Petitioner, | |
| v. | ORDER |
| GARY SWARTHOUT, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se and in forma pauperis on his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.  The parties have consented to the jurisdiction of the undersigned.  ECF Nos. 7, 13.

The sole claim raised in the petition is that the trial court abused its discretion when it denied petitioner's motion to strike at least one of petitioner's prior strikes.  Petitioner now seeks a stay of the proceedings in order to allow him to exhaust two additional claims in the state court.  ECF No. 24.  The two new claims are: (1) that the trial judge failed to disclose a conflict of interest, because the trial judge's spouse was a member of the Major Crimes Unit which petitioner claims was responsible in part for the arrest, investigation, and preparation of the prosecution against petitioner; and (2) that petitioner may seek modification of his sentence pursuant to the newly enacted Proposition 36, passed by state voters in November 2012.

Respondent has notified the court that he has no objection to the requested stay, so long as

1

1  petitioner notifies the court within 30 days of exhausting his claims.  ECF No. 26.

2        The undersigned has additionally considered the unexhausted claims under the standard announced by the Supreme Court in <u>Rhines v. Weber</u>, and finds that stay and abeyance is appropriate in this action.  <u>See</u> 544 U.S. 269 (2005) (petitioner must show good cause for failure to have first exhausted, that the claims at issue potentially have merit, and that there has been no indication that petitioner has been intentionally dilatory).  While the court had previously denied petitioner's cursory requests for a stay, often presented in the context of a motion for appointment of counsel or an investigator, the court had not determined that petitioner's claims lacked merit.  Instead, the prior applications contained insufficient facts to demonstrate the existence of a non-speculative judicial bias claim.  <u>See</u> ECF Nos. 8; 14; 20.  In light of petitioner's new and additional request to stay in order to seek modification of his three strikes sentence, which is based on a recent change in legislation, the undersigned finds sufficient basis to warrant stay and abeyance under <u>Rhines</u>.

      In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's motion for a stay, filed on April 24, 2013 (ECF No. 24), is granted pursuant to <u>Rhines v. Weber</u>, 544 U.S. 269 (2005), pending exhaustion of his additional claims (1) that the trial judge may have had a conflict of interest; and (2) that his sentence should be modified under Proposition 36;

2. Petitioner shall inform this court and file a request to lift the stay within 30 days of a decision by the California Supreme Court concluding state habeas review.  Failure to timely inform the court shall result in dismissal of the pending petition; and

3. The Clerk of Court shall administratively close this case for purposes of case status pending exhaustion.

DATED: June 12, 2013

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

AC:rb/rood1476.stay