UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD VINCENT ROOD,<br><br>    Petitioner,<br><br>    v.<br><br>GARY SWARTHOUT,<br><br>    Respondent. | No. 2:12-cv-01476 AC P<br><br><br>ORDER |

Petitioner is a state prisoner proceeding pro se and in forma pauperis in this habeas corpus action filed pursuant to 28 U.S.C. § 2254. This action proceeds on petitioner's First Amended Petition, filed March 30, 2015. ECF No. 45. Respondent has been directed to file a response. ECF No. 46.

Petitioner again requests appointment of counsel. ECF No. 51. This is petitioner's fourth request. Petitioner asserts that appointment of counsel is necessary to investigate the matters asserted in Grounds Two through Four of his petition, specifically, that the trial judge failed to disclose her alleged conflict of interest (Ground Two); that petitioner was identified in an unconstitutionally suggestive lineup (Ground Three); and that trial counsel was ineffective in several ways (Ground Four). Petitioner asserts that he is indigent, imprisoned, unlearned in the law, and that the identified claims will require legal, expert and medical investigation to disclose evidence favorable to petitioner.

1    As petitioner has previously been informed, appointment of counsel in a habeas
2    proceeding is appropriate "if the interests of justice so require." See 18 U.S.C. § 3006A(a)(2)(B);
3    28 U.S.C. § 2254(h). However, there is no absolute right to appointment of counsel in habeas
4    proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996).
5    In the present case, the court again finds that appointment of counsel is not required in the
6    interests of justice at the present time. This action will proceed on the parties' respective briefing,
7    which is in progress, based on the existing record. No further investigation is warranted at this
8    time. Should the court decide, based on review of the completed briefing, that an evidentiary
9    hearing is warranted, the court will then determine, sua sponte, whether appointment of counsel
10   for petitioner is appropriate. See 28 U.S.C. § 2254(e)(2); Rule 8(c), Fed. R. Governing § 2254
11   Cases.
12   Accordingly, IT IS HEREBY ORDERED that petitioner's May 6, 2015 request for
13   appointment of counsel, ECF No. 51, is denied without prejudice.
14   DATED: May 8, 2015

*Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE